**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:20-cv-00124 |
| | § | |
| 1.276 ACRE OF LAND, MORE OR LESS, | § | |
| SITUATE IN HIDALGO COUNTY, STATE | § | |
| OF TEXAS, CELIA VIRGEN AVENDAÑO, | § | |
| DE COLLADO, *et al.*, | § | |
| *Defendants.* | § | |

## COMPLAINT IN CONDEMNATION

1.      This is a civil action brought by the United States of America at the request of the Secretary of the Department of Homeland Security, through the Acquisition Program Manager, Wall Program Management Office, U.S. Border Patrol Program Management Office Directorate, U.S. Border Patrol, U.S. Customs and Border Protection, Department of Homeland Security, for the taking of property under the power of eminent domain through a Declaration of Taking, and for the determination and award of just compensation to the owners and parties in interest.

2.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1358.

3.      The interest in property taken herein is under and in accordance with the authority set forth in Schedule "A."

4.      The public purpose for which said interest in property is taken is set forth in Schedule "B."

5.      The legal description and map or plat of land in which certain interests are being acquired by the filing of this Complaint, pursuant to the Declaration of Taking, are set forth in Schedules "C" and "D."

6.     The interest being acquired in the property described in Schedules "C" and "D" is set forth in Schedule "E."

7.     The amount of just compensation estimated for the property interest being acquired is set forth in Schedule "F."

8.     The names and addresses of known parties having or claiming an interest in said acquired property are set forth in Schedule "G."

9.     Local and state taxing authorities may have or claim an interest in the property by reason of taxes and assessments due and eligible.

WHEREFORE, Plaintiff requests judgment that the interest described in Schedule "E" of the property described in Schedules "C" and "D" be condemned, and that just compensation for the taking of said interest be ascertained and awarded, and for such other relief as may be lawful and proper.

Respectfully submitted,

**RYAN K. PATRICK**
United States Attorney
Southern District of Texas

By: *s/Baltazar Salazar*
**Baltazar Salazar**
Assistant United States Attorney
Attorney-in-Charge for Plaintiff
S.D. Tex. ID No. 3135288
Texas Bar No. 24106385

**UNITED STATES ATTORNEY'S OFFICE**
**SOUTHERN DISTRICT OF TEXAS**
600 E. Harrison Street, Suite 201
Brownsville, Texas 78520
Tel: (956) 983-6057
Fax: (956) 548-2775
E-mail: Baltazar.Salazar@usdoj.gov

# SCHEDULE A

## **SCHEDULE A**

## AUTHORITY FOR THE TAKING

The property is taken under and in accordance with 40 U.S.C. §§ 3113 and 3114, which authorize the condemnation of land and the filing of a Declaration of Taking; the Act of Congress approved September 30, 1996, as Public Law 104-208, Division C, Section 102, 110 Stat. 3009-546, 3009-554-55, as amended and codified at 8 U.S.C. § 1103(b) & note; and the Act of Congress approved February 15, 2019, as Public Law 116-6, div. A, tit. II, Section 230, 133 Stat. 13, which appropriated the funds that shall be used for the taking.

# SCHEDULE B

## **SCHEDULE B**

PUBLIC PURPOSE

The public purpose for which said property is taken is to construct, install, operate, and maintain roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures designed to help secure the United States/Mexico border within the State of Texas.

# SCHEDULE C

## SCHEDULE C

LEGAL DESCRIPTION

Hidalgo County, Texas

Tract: RGV-WSL-2003

Owner:  Celia Virgen Avendaño De Collado, *et al.*

Acres:  1.276

**BEING** a 1.276 acre (55,589 square feet) parcel of land, more or less, being out of the Narciso Cabazos Survey, Abstract No. 30, Hidalgo County, Texas, being out of Porción 71, being out of a tract of land now or formerly owned by John Mundt, deceased (no record found), said tract being a portion Lot 9 of Closner Subdivision recorded in Volume 100, Page 87, Map Records of Hidalgo County, Texas, said 1.276 acre (55,589 square feet) parcel of land being more particularly described by metes and bounds as follows:

**COMMENCING** at a point having a coordinate value of N=16556581.953, E=1087436.457, said point being at the southwest corner of the west one half of a called 1.00 acre tract conveyed to Rodolfo Quintero by Warranty Deed recorded in Instrument No. 2007-1770604, Official Records of Hidalgo County, Texas, said point being intersection of the north right-of-way line of Old Military Road and the east right-of-way line of "I" Road;

**THENCE** N 08°03'33" E, departing the north right-of-way line of Old Military Road, with the west line of the Quintero tract and the east right-of-way line of "I" Road, a distance of 265.82 feet to a point for the **PLACE OF BEGINNING** and southwest corner of the herein described proposed acquisition tract, said point having a coordinate value of N=16556845.144, E=1087473.723, said point being in the east right-of-way line of "I" Road, said point being at the northwest corner of the Quintero tract and the southwest corner of the Mundt tract, said point being in the south line of the river levee right-of-way conveyed to the United States of America by Easement Deed recorded in Volume 435, Page 510, Deed Records of Hidalgo County, Texas ("83- H");

**(1)      THENCE** N 08°03'45" E, with the west line of the Mundt tract and the east right-of-way line of "I" Road, over and across the "83-H" levee right-of-way, a distance of 80.26 feet to a point for the northwest corner of the herein described proposed acquisition tract, said point being at the northwest corner of the Mundt tract, said point being in the south right- of-way line of Doffin Canal Road, said point bears S 02°47'06" W, a distance of 66.35 feet from United States Army Corps of Engineers Control Point No. 110, said control point being a mag nail in the north end of the east concrete headwall at the intersection of "I" Road and the Hidalgo County Water Improvement District No. 2 canal lateral;

## <u>SCHEDULE C (Cont.)</u>

**(2)**     **THENCE** N 81°17'49" E, departing the east right-of-way line of "I" Road, with the north line of the Mundt tract and the south right-of-way line of Doffin Canal Road, over and across the "83-H" levee right-of-way, a distance of 836.18 feet to a point for the northeast corner of the herein described proposed acquisition tract, said point being at the northeast corner of the Mundt tract and the northwest corner of a tract of land now or formerly owned by Ilse Lydia Krenmueller, deceased (no record found), said tract being out of Lot 32 of San Juan Plantation recorded in Volume 1, Page 36, Map Records of Hidalgo County, Texas, said point being in the approximate centerline of Doffin Canal Road, said point being in the east line of the "83-H" levee right-of-way and the west line of the river levee right-of-way conveyed to the United States of America by Easement Deed recorded in Volume 442, Page 392, Deed Records of Hidalgo County, Texas ("78-H, Tract 1");

**(3)**     **THENCE** S 08°29'54" W, departing the approximate centerline of Doffin Canal Road, with the east line of the Mundt tract, the east line of the "83-H" levee right-of-way, the west line of the Krenmueller tract and the west line of the "78-H, Tract 1" levee right-of- way, passing at 55.57 feet the southwest corner of the "78-H, Tract 1" levee right-of-way, continuing in all a total distance of 59.53 feet to a point for the southeast corner of the herein described proposed acquisition tract, said point being at the southeast corner of the Mundt tract and the northeast corner of a called 1.00 acre tract conveyed to Gustavo Bazaldua and Hortencia Bazaldua by Deed of Partition recorded in Volume 2688, Page 457, Deed Records of Hidalgo County, Texas;

**(4)**     **THENCE** S 79°59'54" W, departing the west line of the Krenmueller tract, with the south line of the Mundt tract and the north line of the Bazaldua tract, over and across the "83-H" levee right-of-way, passing at 137.09 feet the northwest corner of the Bazaldua tract and the northeast corner of a called 1.00 acre tract conveyed to Javier Valdez by General Warranty Deed recorded in Instrument No. 2017-2841429, Official Records of Hidalgo County, Texas, passing at 279.72 feet the northwest corner of the Valdez tract and the northeast corner of a called 1.00 acre tract conveyed to Javier Valdez by Deed of Partition recorded in Volume 2686, Page 36, Deed Records of Hidalgo County, Texas, passing at 428.16 feet the northwest corner of the second Valdez tract and the northeast corner of a called 1.20 acre tract conveyed to Arturo Hernandez by Deed of Partition recorded in Volume 2687, Page 300, Deed Records of Hidalgo County, continuing in all a total distance of 670.07 feet to a point for angle, said point being at the northwest corner of the 1.20 acre tract and the northeast corner of the Quintero tract;

**(5)**     **THENCE** S 79°42'04" W, with the north line of the Quintero tract and the south line of the Mundt tract, a distance of 171.89 feet to the **PLACE OF BEGINNING** containing 1.276 acres (55,589 square feet) of land, more or less.

# SCHEDULE D

**SCHEDULE D**

**MAP or PLAT**



## SCHEDULE D (Cont.)



## SCHEDULE D (Cont.)



Tract:  RGV-WSL-2003
Owner:  Celia Virgen Avendaño De Collado, *et al.*
Acres:  1.276

# SCHEDULE E

## **SCHEDULE E**

## ESTATE TAKEN

Hidalgo County, Texas

Tract:  RGV-WSL-2003

Owner:  Celia Virgen Avendaño De Collado, *et al.*

Acres:  1.276

  The estate taken is fee simple, subject to existing easements for public roads and highways, public utilities, railroads, and pipelines; and subject to all interests in minerals and appurtenant rights for exploration, development, production and removal of said minerals;

  Excepting and excluding all interests in water rights and water distribution and drainage systems, if any, provided that any surface rights arising from such water rights or systems are subordinated to the United States' construction, operation and maintenance of the border barrier.

# SCHEDULE F

## **SCHEDULE F**

### ESTIMATE OF JUST COMPENSATION

The sum estimated as just compensation for the land being taken is FOUR THOUSAND, SEVEN HUNDRED, EIGHTY-SIX DOLLARS AND NO/100 ($4,786.00), to be deposited herewith in the Registry of the Court for the use and benefit of the persons entitled thereto.

# SCHEDULE G

**SCHEDULE G**

**INTERESTED PARTIES**

The following table identifies all persons who have or claim an interest in the property condemned and whose names are now known, indicating the nature of each person's property interest(s) as indicated by references in the public records and any other information available to the United States. *See* Fed. R. Civ. P. 71.1(c).

| Interested Party | Reference |
|---|---|
| Celia Virgen Avendaño De Collado <br> ███████████████ <br> ██████████ NL ████ <br> Mexico <br> *Heir of Eugenio T. Collado* | **RGV-WSL-2003** <br> Affidavit of Heirship of Eugenio T. Collado, Document # 1997-628471, Recorded October 7, 1997 in Deed Records of Hidalgo County, Texas; Special Warranty Deed, Document #1992-249919, Recorded April 24, 1992 in Deed Records of Hidalgo County, Texas. |
| Domingo Collado Virgen <br> ███████████████ <br> ██████████ NL ████ <br> Mexico <br> *Heir of Eugenio T. Collado* | **RGV-WSL-2003** <br> Affidavit of Heirship of Eugenio T. Collado, Document # 1997-628471, Recorded October 7, 1997 in Deed Records of Hidalgo County, Texas; Special Warranty Deed, Document #1992-249919, Recorded April 24, 1992 in Deed Records of Hidalgo County, Texas. |
| Maria Eugenia Collado Virgen <br> ███████████████ <br> ██████████ NL ████ <br> Mexico <br> *Heir of Eugenio T. Collado* | **RGV-WSL-2003** <br> Affidavit of Heirship of Eugenio T. Collado, Document # 1997-628471, Recorded October 7, 1997 in Deed Records of Hidalgo County, Texas; Special Warranty Deed, Document #1992-249919, Recorded April 24, 1992 in Deed Records of Hidalgo County, Texas. |
| Nadia Elena Collado Virgen <br> ███████████████ <br> ██████████ NL ████ <br> Mexico <br> *Heir of Eugenio T. Collado* | **RGV-WSL-2003** <br> Affidavit of Heirship of Eugenio T. Collado, Document # 1997-628471, Recorded October 7, 1997 in Deed Records of Hidalgo County, Texas; Special Warranty Deed, Document #1992-249919, Recorded April 24, 1992 |

| | |
|---|---|
| | in Deed Records of Hidalgo County, Texas. |
| Virginia Collado De Llanos<br><br>NL<br>Mexico<br>*Heir of Ramon Llanos Riesgo* | **RGV-WSL-2003**<br>Affidavit of Heirship for Ramon Llanos Riesgo, Document #1997-628472, Recorded October 7, 1997 in Deed Records of Hidalgo County, Texas; Special Warranty Deed, Document #1992-249919, Recorded April 24, 1992 in Deed Records of Hidalgo County, Texas. |
| Virginia Llanos De Nachon<br><br>NL<br>Mexico<br>*Heir of Ramon Llanos Riesgo* | **RGV-WSL-2003**<br>Affidavit of Heirship for Ramon Llanos Riesgo, Document #1997-628472, Recorded October 7, 1997 in Deed Records of Hidalgo County, Texas; Special Warranty Deed, Document #1992-249919, Recorded April 24, 1992 in Deed Records of Hidalgo County, Texas. |
| Maria Teresa Llanos De Tort<br><br>NL<br>Mexico<br>*Heir of Ramon Llanos Riesgo* | **RGV-WSL-2003**<br>Affidavit of Heirship for Ramon Llanos Riesgo, Document #1997-628472, Recorded October 7, 1997 in Deed Records of Hidalgo County, Texas; Special Warranty Deed, Document #1992-249919, Recorded April 24, 1992 in Deed Records of Hidalgo County, Texas. |
| Rocio Isabel Llanos Collado<br><br>NL<br>Mexico<br>*Heir of Ramon Llanos Riesgo* | **RGV-WSL-2003**<br>Affidavit of Heirship for Ramon Llanos Riesgo, Document #1997-628472, Recorded October 7, 1997 in Deed Records of Hidalgo County, Texas; Special Warranty Deed, Document #1992-249919, Recorded April 24, 1992 in Deed Records of Hidalgo County, Texas. |
| Hidalgo County Tax Assessor & Collector<br>Pablo (Paul) Villarreal, Jr.<br>2804 S. Business Highway 281<br>Edinburg, TX 78539 | **RGV-WSL-2003**<br>Account Number: J570071000000600<br>Appraisal District Number: 200459 |

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law,  except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

## DEFENDANTS

**(b)** County of Residence of First Listed Plaintiff

*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government
Plaintiff

☐ 3  Federal Question
*(U.S. Government Not a Party)*

☐ 2  U.S. Government
Defendant

☐ 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☐ 1  Original Proceeding

☐ 2  Removed from State Court

☐ 3  Remanded from Appellate Court

☐ 4  Reinstated or Reopened

☐ 5  Transferred from Another District *(specify)*

☐ 6  Multidistrict Litigation - Transfer

☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:

JURY DEMAND:   ☐ Yes   ☐No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE

DOCKET NUMBER

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #                AMOUNT                APPLYING IFP                JUDGE                MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)    Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b)    County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c)    Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.    Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.    Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.    Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.    Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.