IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 7:20-cv-00124 |
| | § | |
| 1.276 ACRE OF LAND, MORE OR LESS, | § | |
| SITUATE IN HIDALGO COUNTY, STATE | § | |
| OF TEXAS, CELIA VIRGEN AVENDAÑO, | § | |
| DE COLLADO, *et al.*, | § | |
|     *Defendants*. | § | |

## *EX PARTE* OPPOSED MOTION OF THE UNITED STATES OF AMERICA FOR ORDER FOR IMMEDIATE POSSESSION

1. Pursuant to Rule IV of the Court's procedures,[1] the United States moves for an *ex parte* order requiring defendants to this action and all persons in possession or control of the property described in the Complaint in Condemnation (Dkt. No. 1) and Declaration of Taking (Dkt. No. 2) to immediately surrender possession of the condemned estate to the United States.[2]

## I. INTRODUCTION

2. The United States requests an Order granting immediate possession of the condemned estate. Acquiring this property is a necessary step in implementing the congressional directive, set forth in the Complaint and Declaration of Taking, to secure the border between the United States and Mexico. Congress provided funding for primary pedestrian levee fencing along

---

[1] "Emergency Relief." https://www.txs.uscourts.gov/page/judge-cranes-court-procedures#4.

[2] The United States addresses its basis for requesting an *ex parte* order for immediate possession *infra*, at 5-7, § C. In summary, the United States has been unable to communicate with all eight (8) landowner defendants, prior to and since the commencement of this action, in large part because they reside in Mexico and contact information for defendants is not readily available through diligent public searches. *See* Dkt. 2-1 at 17-18, Schedule G. At this time United States is attempting service of its notice of condemnation as permitted under Fed. R. Civ. P. 4(d), (f) for individuals in a foreign county; service of this motion and proposed order will be effected the same. The United States will continue to diligently locate and contact defendant landowners, pending service, and will provide a certificate of conference and service when effected, at the Court's instruction.

the southwest border in the Rio Grande Valley Sector.  Per the appropriation, the United States plans to construct infrastructure that Congress specifically designated to be constructed in Hidalgo County, Texas, and the tract identified as RGV-WSL-2003 in the Complaint in Condemnation (Dkt. No. 1) and Declaration of Taking (Dkt. No. 2) is part of that designation. Time is of the essence. Accordingly, the United States respectfully requests this Court to enter an Order of Immediate Possession on an expedited basis.

## II. BACKGROUND FACTS

3.	Pursuant to the Declaration of Taking Act, 40 U.S.C. § 3114, and Federal Rule of Civil Procedure ("Rule") 71.1 (formerly Rule 71A), the United States filed a Complaint (Dkt. No. 1) and a Declaration of Taking (Dkt. No. 2), and a deposit of estimated just compensation (Dkt. No. 5) to acquire a fee simple estate in property identified as Tract No. RGV-WSL-2003 ("Subject Property"). The United States will use this property to construct, install, operate, and maintain roads, fencing, vehicle barriers, security lighting, cameras, sensors, and related structures designed to help secure the United States/Mexico border within the State of Texas.  *See* Dkt. No. 2, Declaration of Taking, Schedules "B" and "D".  Section 230(a) of the Fiscal Year 2018 Department of Homeland Security Appropriations Act appropriated funding to acquire the interests sought in this action.  *See* Dkt. No. 2, Declaration of Taking, Schedule "A"; *see also* Consolidated Appropriations Act, 2018, Pub. L. 115-141, div. F, tit. II, 132 Stat. 348 (2018) (appropriating funds).  The United States deposited $4,786.00 as estimated just compensation. Dkt. No. 5.

## III. ARGUMENT AND AUTHORITIES

    A.    *Because it Acquired this Property Under the Declaration of Taking Act, the United States is Entitled to Immediate Possession.*

4.    The United States initiated this case by filing a Complaint and a Declaration of Taking and depositing estimated just compensation into the registry of the Court, as required by the Declaration of Taking Act ("Act"), 40 U.S.C. § 3114 (formerly 40 U.S.C. § 258a). The filing and deposit immediately vest title to the acquired property in the United States. *See* 40 U.S.C. § 3114(b)(1). The Act specifically provides that upon the filing of the declaration of taking, "the court may fix the time within which, and the terms on which, the parties in possession shall be required to surrender possession to the petitioner . . . " 40 U.S.C. § 3114(d)(1). The purpose of the Declaration of Taking Act is to give the Government immediate possession of the property and give the owner immediate compensation, in the form of estimated compensation, in return for title to the land. *United States v. Miller*, 317 U.S. 369 (1943). As the Court explained,

> [t]he purpose of the statute is twofold. First, *to give the Government immediate possession of the property* and to relieve it of the burden of interest . . . .
> Secondly, to give the former owner, if his title is clear, immediate cash compensation to the extent of the Government's estimate of the value of the property.

*Id.* at 381 (emphasis added). The transfer of title is immediate upon the filing of the declaration and deposit of estimated just compensation. *See, e.g.*, *Catlin v. United States*, 324 U.S. 229, 238 (1945) (holding that a landowner may not delay or prevent the vesting of title by an interlocutory appeal).

5.    The Supreme Court reaffirmed that the Declaration of Taking Act immediately confers to the United States title and a right to possession in *Kirby Forest Industries, Inc. v. United States*. 467 U.S. 1 (1984). There it reviewed the methods by which the United States may appropriate property, primarily comparing use of a declaration of taking with a "straight-

condemnation" proceeding. *Id.* at 3-5. In a "straight condemnation", the United States only files a complaint in condemnation and only acquires title after the determination and payment of just compensation. *Id.* at 4. In contrast, the Court noted that the Declaration of Taking Act is "[a] more expeditious procedure . . ." *Id*. The Court held that upon the filing of a declaration of taking and deposit of estimated just compensation, "[t]itle and right to possession thereupon vest immediately in the United States." *Id.* at 5. Further distinguishing a "straight-condemnation" case from one brought under 40 U.S.C. § 3114, the Court explained that the adoption of the Declaration of Taking Act was "for the purpose of affording the Government the option of peremptorily appropriating land prior to final judgment, thereby permitting immediate occupancy . . . " *Id.* at 12. Finally, as stated in *Narramore v. United States*, Congress enacted the Declaration of Taking Act "[t]o give the Federal Government immediate possession of condemned property and to avoid delays in federal construction projects…" 960 F.2d 1048, 1050 (Fed. Cir. 1992).

   6. Accordingly, because the United States has acquired the property at issue under the Declaration of Taking Act, the United States is entitled to immediate possession of the Subject Property. *See Miller*, 317 U.S. at 381; *Kirby Forest Indus.*, 467 U.S. at 5, 12.

   B. *The United States Needs Immediate Possession in Order to Meet the Congressional Directive to Construct Fencing in the Rio Grande Valley Sector.*

   7. Congress has mandated that the Department of Homeland Security ("DHS") achieve and maintain operational control of the international land border. The Secure Fence Act of 2006, Pub. L. 109-367, § 2, 120 Stat. 2638 (Oct. 26, 2006). As part of achieving operational control of the border, the President's Executive Order on *Border Security and Immigration Enforcement Improvements* directs the Secretary of DHS (the "Secretary") take all appropriate steps to plan, design, and construct a wall along the southern border. Executive Order 13767, § 4(a). Consistent with Congress' mandate that DHS achieve and maintain operational control of

4
Ex Parte *Opposed Motion of the United States of America for Order for Immediate Possession*

the border and the President's Executive Order, Congress has directed DHS to construct fencing and related infrastructure along the southwest border, and specifically in the Rio Grande Valley Sector. *See* Consol. Appropriations Act, 2019, Pub. L. 116-6, div. A., tit. II; Section 230, 133 Stat. 13. The United States needs immediate possession of the Subject Property in order to meet this congressional directive. The Secretary has identified specific locations in Hidalgo County, Texas, for the construction of tactical infrastructure in order to improve security along the border of the United States. The United States needs to acquire the Subject Property in order to begin construction, installation, and maintenance of border security infrastructure in Hidalgo County, Texas. *See* **Exhibit 1**, Declaration of Loren Flossman; *see also* Consol. Appropriations Act, 2019, Pub. L. 116-6, div. A, tit. II; Section 230, 133 Stat. 13 (appropriating funds for the current taking). As a result, acquiring immediate possession of the Subject Property for the United States is a necessary step toward meeting the Congressional directive that DHS construct fencing and related infrastructure along the southwest border, and specifically in the Rio Grande Valley Sector. Because of the United States' demonstrated need for immediate access, this Court should grant immediate possession of the interest sought.

   C. *An Ex Parte Order Granting the United States Immediate Possession of the Subject Property is Appropriate under the Declaration of Taking Act and Fifth Circuit Precedent.*

   8. This Court's granting of immediate possession of the Subject Property, without notice or hearing to the defendant landowners, is not only necessary to secure the United States/Mexico border, but also appropriate under Fifth Circuit and instructive precedent. Specifically, in *United States v. 131.68 Acres of Land*, the Fifth Circuit approved the entry of *ex parte* orders of possession in actions brought under the Declaration of Taking Act. 695 F.2d 872 (5th Cir. 1983), *cert. denied* 464 U.S. 817 (1983). The United States filed a complaint with a

declaration of taking, along with estimated just compensation, to acquire a fee and permanent easement in 131.68 acres out of a 568 acre tract of crop land. *131.68 Acres of Land*, 695 F.2d at 874. On the same day the United States filed its complaint, the district judge, without a hearing, entered an order granting the United States possession. *Id.* The landowners and lessees appealed, arguing the trial court had erred in denying them a hearing before dispossessing them of the land. *Id.* 873-74. The Fifth Circuit upheld the district court's action:

> The landowners and the lessees maintain that both the Congress and the Constitution secured their "right" to a hearing before they were dispossessed of their land. We disagree. The Fifth Amendment does not afford them such right. "The question on which issue is joined is whether the government may exercise its eminent domain power consistently with the Fifth Amendment by physically seizing property without prior notice, hearing, or compensation. The answer to this question is yes."

*Id.* at 876 (quoting *Stringer v. United States*, 471 F.2d 381, 383 (5th Cir.), *cert. denied* 412 U.S. 943 (1973)).

9. Although instructive to this Court, in *United States v. 0.95 Acres of Land*, the Ninth Circuit also approved the granting of an *ex parte* order of possession before the landowner had an opportunity to file an answer to the declaration of taking. 994 F.2d 696 (9th Cir. 1993). There, the United States filed a declaration of taking and deposited estimated just compensation to acquire privately owned roads adjacent to a national forest. *0.95 Acres of Land*, 994 F.2d at 697. The district court granted an *ex parte* order of possession, to which the landowners then moved to vacate the declaration of taking and order granting possession, based on the United States' non-compliance with the National Environmental Policy Act. *Id.* The district court granted the landowner's motion and the United States then appealed the order vacating the declaration of taking and order granting possession. *Id.* at 697-98. The Ninth Circuit reversed, and in doing so, provided an appropriate procedure to be followed when granting *ex parte* orders of possession:

> In this type of condemnation proceeding, the United States files a declaration of taking in the district court pursuant to the Declaration of Taking Act, 40 U.S.C. § 258a et seq., and deposits funds with the district court. The district court may then enter an *ex parte* order of possession. At approximately the same time, the United States files a complaint and demand for jury trial to determine the proper amount of compensation. The private property owner may now answer.

*Id.* at 98 (citing *Catlin v. United States*, 324 U.S. 229, 232 (1945)); *cited* by *United States v. 12.94 Acres of Land in County of Solano*, 2007 WL 4355313, *1 (E.D. Cal. 2007) ("Entry of an order for possession is appropriately done via *ex parte* application.").

10. Here, in keeping with the decisions in *131.68 Acres of Land* and *0.95 Acres of Land*, this Court should grant the United States an *ex parte* order of possession. A hearing on possession is not necessary, nor is there any reason to delay the United States of its right to immediate possession of the Subject Property. *See 131.68 Acres of Land*, 695 F.2d at 876; 40 U.S.C. § 3114(d)(1) (Upon the filing of a declaration of taking, "the court *may fix the time within which, and the terms on which*, the parties in possession shall be required to surrender possession to the petitioner . . .") (emphasis added). As the United States indicated *supra*, efforts to locate and communicate with all eight (8) landowner defendants—prior to and since the commencement of this action—have been futile, thus far. All 8 landowners reside in Mexico, and service of notice of condemnation is currently being attempted, as permitted for individuals residing in a foreign county under Federal Rule of Civil Procedure 4(d) and (f).

11. The United States' continued determination and diligent efforts in locating defendant landowners and providing them notice of condemnation will not be diminished or deterred by the Court's granting of the instant *ex parte* motion for immediate possession; nor will defendant landowners be prejudiced by the United States' immediate possession of the vacant

Subject Property.[3] Thus, the United States respectfully requests an *ex parte* order of immediate possession of the Subject Property.

## IV. CONCLUSION

Based on the foregoing, the United States submits that it is entitled to the entry of an *ex parte* order of immediate possession and requests that the Court grant this motion and enter an *ex parte* order of possession giving the United States immediate possession of the condemned estate described in Schedule E of the Declaration of Taking (Dkt. No. 2).

Respectfully submitted,

**RYAN K. PATRICK**
United States Attorney
Southern District of Texas

By:   *s/Baltazar Salazar*
**Baltazar Salazar**
Assistant United States Attorney
Attorney-in-Charge for Plaintiff
S.D. Tex. ID No. 3135288
Texas Bar No. 24106385

**UNITED STATES ATTORNEY'S OFFICE**
**SOUTHERN DISTRICT OF TEXAS**
600 E. Harrison Street, Suite 201
Brownsville, Texas 78520
Tel: (956) 983-6057
Fax: (956) 548-2775
E-mail: Baltazar.Salazar@usdoj.gov

---

[3] Defendant Hidalgo County Tax Assessor & Collector, Pablo (Paul) Villarreal, Jr. is a local taxing authority and does not have a possessory interest in the Subject Property; the taxing authority will also not be prejudiced by possession transferring to the United States.

**CERTIFICATE OF CONFERENCE AND SERVICE**

Due to the fact that service has not yet been effected in this case, and this motion is seeking *ex parte* relief from the Court on an expedited basis, no conference with defendants or counsel has been held prior to this filing. Counsel for the United States will serve this Motion and proposed Order upon Defendants, and will provide a certificate of conference and service when effected, at the Court's instruction.

By:   *s/ Baltazar Salazar*
**BALTAZAR SALZAR**
Assistant United States Attorney